```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KATHRYN REITH                    :    CIVIL ACTION
                                 :
          v.                     :
                                 :
TEVA PHARMACEUTICALS USA, INC.,  :
et al.                           :    NO. 18-3987
_____  :    _____
                                 :
LAURIE STEINER HALPERIN          :    CIVIL ACTION
                                 :
          v.                     :
                                 :
TEVA PHARMACEUTICALS USA, INC.,  :
et al.                           :    NO. 18-3992
```

MEMORANDUM

Bartle, J.                                        March 27, 2019

      Before the court are the motions of plaintiffs to remand these actions under 28 U.S.C. § 1447(c) to the Court of Common Pleas of Philadelphia County.

      Plaintiff Kathryn Reith, a citizen of Utah, and plaintiff Laurie Steiner Halperin, a citizen of California, originally filed separate state law actions in the Court of Common Pleas of Philadelphia County against the same five defendants: (1) Teva Pharmaceuticals USA, Inc. ("Teva USA")[1]; (2) Teva Women's Health, Inc. ("Teva Women's Health")[2]; (3) Teva

---

1. Defendant Teva Pharmaceuticals USA, Inc. is incorporated in Delaware and has its principal place of business in Pennsylvania.

2. Defendant Teva Women's Health, Inc. is incorporated in Delaware and has its principal place of business in Ohio.

Branded Pharmaceuticals Products R&D, Inc. ("Teva Branded")[3]; (4) The Cooper Companies, Inc.[4]; and (5) CooperSurgical, Inc.[5]

According to the complaints, Ms. Reith had a ParaGard intrauterine contraceptive device ("IUD") implanted in 2008 while Ms. Halperin had a ParaGard IUD implanted in 2006.[6] Nothing untoward occurred until plaintiffs sought to have their IUDs removed some years later.  In both instances, during the removal process, a part of the IUD broke off and remained embedded.  Both plaintiffs later underwent additional surgery to remove the remaining fragment.  Plaintiff Reith had her additional surgery in 2016 and plaintiff Halperin in 2017.

Each plaintiff alleges she suffered damages as a result of a defective ParaGard IUD "designed, researched, manufactured, promoted, marketed, labeled, packaged, and/or

---

3.  Defendant Teva Branded Pharmaceutical Products R&D, Inc. is incorporated in Delaware and has its principal place of business in Pennsylvania.

4.  Defendant The Cooper Companies, Inc. is incorporated in Delaware and has its principal place of business in California.

5.  Defendant CooperSurgical, Inc. is incorporated in Delaware and has its principal place of business in Connecticut.

6.  The parties agree that the Food and Drug Administration ("FDA") approved and considers the ParaGard IUD a "drug" and not a medical device although the IUD is often referenced to as a device.

sold" by the defendants.  The two complaints aver the same claims for relief.[7]

The defendants timely removed both cases to this court under 28 U.S.C. § 1441 on the basis of diversity of citizenship between the plaintiffs and defendant Teva Women's Health. Defendants assert that the remaining four defendants were fraudulently joined as parties and should be disregarded.

Plaintiffs seek to have the action remanded to state court under 28 U.S.C. § 1441(b)(2) because in their view there was no fraudulent joinder and several of the defendants, namely Teva USA and Teva Branded, are citizens of Pennsylvania, the state where the actions were initially brought.  Defendants counter that defendant Teva Women's Health, with citizenship diverse from plaintiffs, is the only proper defendant because it is the only defendant to have manufactured and sold the IUDs in question.  The court allowed limited discovery directed to the issue of fraudulent joinder.

Under 28 U.S.C. § 1441, except as otherwise provided by statute, a civil action brought in a state court may be

---

7. The complaints assert:  (1) Strict Liability Manufacturing Defect; (2) Strict Liability Design Defect; (3) Strict Liability Failure to Warn; (4) Negligence; (5) Common Law Fraud; (6) Negligent Misrepresentation; (7) Negligent Infliction of Emotional Distress; (8) Breach of Express Warranty; (9) Breach of Implied Warranty; (10) Violation of Consumer Protection Laws; (11) Gross Negligence; and (12) Punitive Damages.

removed to a United States district court if it is one over which district courts have original jurisdiction.  Generally where there is complete diversity between plaintiffs and defendants under 28 U.S.C. § 1332(a), the action may be removed.  Lincoln Property Co. v. Roche, 546 U.S. 81, 84 (2005).  However, there is a significant statutory exception.  Under § 1441(b)(2), a diversity action may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  As noted above, two of the defendants, Teva USA and Teva Branded, are citizens of Pennsylvania.

It is well established that a party shall be dismissed and its citizenship ignored if it is fraudulently joined in an attempt to defeat federal subject matter jurisdiction.  Boyer v. Snap-on-Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."  Id. at 111.  The right of removal and the existence of fraudulent joinder are determined according to the complaint and relevant facts at the time when the petition for removal was filed.  See Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939).  The burden of proof on the existence of jurisdiction rests on

the parties asserting it.  Defendants therefore bear the burden in these actions as a result of their filing the notices of removal.  The burden on the defendants is a heavy one.  All contested factual issues are to be resolved in favor of the plaintiffs as are any uncertainties as to the relevant substantial state law.  Boyer, 913 F.2d at 111.

Our Court of Appeals has emphasized that the standard for determining whether a party is fraudulently joined is higher than the standard for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  To dismiss for fraudulent joinder, a claim must be "wholly insubstantial and frivolous." Batoff v. State Farm Ins. Co., 977 F.2d 848, 852-53 (3d Cir. 1992); see also, Bell v. Hood, 327 U.S. 678, 682-83 (1946).  Nor may the court treat the issue of fraudulent joinder as if it were simply making a merits determination on a motion for summary judgment.  See Boyer, 913 F.2d at 112.

The court is not required to accept blindly the factual allegations of the complaints.  It may go beyond the four corners of the pleadings in deciding the issue of fraudulent joinder, that is whether a claim against a defendant is wholly insubstantial and frivolous.  In Re Briscoe, 448 F.3d 201, 219-20 (3d Cir. 2006); Batoff, 977 F.2d at 852-53; Boyer, 913 F.2d at 111-12.  The Court of Appeals in Boyer, for example, cited with approval a decision of the Court of Appeals for the

Tenth Circuit in Smoot v. Chicago Rock Island & Pac. RR, 378 F.2d 879 (10th Cir. 1967) where the Court found facts outside of the complaint and dismissed the action based on fraudulent joinder.

There, the administratrix of a deceased motorist sued the defendant railroad and one of its employees in a diversity action for the decedent's death as a result of a collision with a train at a railroad crossing. While plaintiff and railroad were of diverse citizenship, the plaintiff and railroad employee were citizens of the same state. Based on an uncontested affidavit submitted by the railroad, it was established that the employee's job with the railroad had ended 15 months before the accident. The Court found that the employee had been fraudulently joined and that diversity jurisdiction existed. Smoot, 378 F.2d at 882. See also Lobato v. Pay Less Drug Store, Inc., 201 F.2d 406 (10th Cir. 1958).

To establish fraudulent joinder, the defendants presented declarations under penalty of perjury that only Teva Women's Health manufactured and/or sold the ParaGard IUDs in question and that the other two Teva defendants, which are citizens of Pennsylvania, played no role in the manufacture or sale of the device. The court permitted plaintiffs to test through limited discovery the accuracy of the declarations concerning these two Teva defendants.

-6-

The discovery demonstrates unequivocally that the joinder of Teva Branded was fraudulent. It is a company formed in 2009 after the ParaGard device was implanted in each plaintiff and is engaged in research and development of new products. Teva Branded had nothing whatsoever to do with the research and development of the ParaGard IUD. Further, the discovery confirms that it has never manufactured, marketed or sold ParaGard IUDs and has never had any other connection with the product.

The discovery also establishes that Teva USA never researched, developed, designed, manufactured, marketed, advertised, distributed or sold the ParaGard IUD. Teva USA had nothing to do with its labeling and had no responsibility for it from a regulatory or medical standpoint, although beginning at the end of 2009, TEVA USA did warehouse the product in a distribution center and helped with the ordering process for Teva Women's Health.

Plaintiffs have simply called the court's attention to three adverse event documents submitted to the FDA (dated June 25, 2013, January 9, 2015, and January 30, 2015, respectively) which list "Teva Pharmaceutical" or "Teva Pharmaceuticals USA" as the manufacturer of the reported ParaGard IUD. Clearly the information on which the plaintiffs rely is unreliable hearsay. In two of the documents the source

is not identified other than "the Risk Manager" of the "User Facility" such as a hospital. The third document is silent as to who prepared it or supplied the information to the FDA. These references cannot be considered as evidence that Teva USA was the manufacturer of ParaGard IUDs.

In addition, plaintiffs argue that Teva USA maintains "significant control" over Teva Women's Health such that "plaintiffs have a colorable ground that Teva USA may be accountable to plaintiffs' claims in this litigation." Prior to September 2009, the name of Teva Women's Health was Duramed Pharmaceuticals, Inc. It was a subsidiary of Barr Pharmaceuticals. Teva USA acquired these two companies on December 23, 2008 after plaintiffs were implanted with their allegedly defective ParaGard IUDs. Prior to December 23, 2008 Teva USA and Duramed Pharmaceuticals, Inc. had no corporate affinity.

Plaintiffs did not raise any claim or make any allegation in their complaints of significant control of Teva USA over Teva Women's Health when the actions were removed to this court. At that time, plaintiffs pleaded that Teva USA and Teva Women's Health were separate and distinct corporations and describes Teva Women's Health as a subsidiary of Teva USA. The date of removal is the vantage point from which the court must determine whether removal was proper. The belated attempt

-8-

by plaintiffs to blur the identities of these two defendants cannot be considered in deciding whether to grant a motion remand. Pullman, 305 U.S. at 537-38.

In any event, while Teva Women's Health is either a direct or indirect subsidiary of Teva USA, there is simply no evidence to support any piercing of the corporate veil or otherwise treating Teva USA and Teva Women's Health as in effect the same entity. Wedner v. Unemployment Board, 296 A.2d 792, 794 (1972). See also Dole Food Co. v. Patrickson, 538 U.S. 468, 475 (2003). Plaintiffs throughout their briefs continually invoke the mantra that Teva USA was "involved" or "had involvement" with the ParaGard IUD. This imprecise language is to no avail. Plaintiffs' argument that Teva USA had significant control over Teva Women's Health and thus is liable for the conduct of Teva Women's Health at any relevant time has no basis in fact or in law.

In determining whether fraudulent joinder of a party exists, we must look to the substantive law of the relevant state or states to determine if there is a colorable cause of action against that party. Boyer, 913 F.2d at 111. Plaintiffs argue that we must look to Pennsylvania substantive law. Defendants contend that whatever the relevant state substantive law may be, only a manufacturer or seller of a defective product in the chain of distribution may be held liable for personal

-9-

injuries arising out of the use of IUDs as alleged here.  Since these actions were originally filed in the Common Pleas Court of Philadelphia County, we first turn to the substantive law of Pennsylvania.  It is clear that in the Commonwealth only a manufacturer or seller is subject to a judgment under the circumstances presented here.  <u>Mellon v. Barre-National Drug Co.</u>, 636 A.2d 184 (Pa. Super. 1993); <u>see</u>, Restatement, Torts (Second) §402A.  Plaintiffs rely on <u>McLaughlin v. Bayer Corp.</u>, 172 F. Supp. 3d 804 (ED Pa. 2016), <u>Lance v. Wyeth</u>, A.2d 434 (Pa. 2014), <u>Hahn v. Richter</u>, 673 A.2d 888 (Pa. 1996), and <u>Baldino v. Castagna</u>, 487 A.2d 807 (Pa. 1984) for the proposition that Pennsylvania law allows a claim against a non-manufacturer or non-seller of prescription drugs.  Plaintiffs' reading of these cases is incorrect.  None of them holds or states even in dicta that a non-manufacturer or non-seller may be held liable.

      The record shows that Teva USA was engaged at some level in the pharmacovigilance of ParaGard, that is safety surveillance of the device, beginning in 2009.  Plaintiffs point to one document where Teva USA's name appears under that of Duramed Pharmaceuticals, Inc. and Barr Pharmaceuticals, Inc. on a Stock Response Form dated 6/11/14 related to the recall of certain "ParaGard T 380A – Intrauterine Cooper Contraceptive[s]."  This document does not undermine defendants' claim of fraudulent joinder of Teva USA.  Even assuming that

Teva USA, a non-manufacturer or non-seller, played a role after 2009 (after plaintiffs' IUDs were implanted) with the pharmacovigilance of the ParaGard IUD, there is no cause of action in Pennsylvania for breach of a duty of "pharmacovigilance." McLaughlin, 172 F.Supp.3d at 839.

Plaintiff, Kathryn Reith, is a citizen of Utah. If Pennsylvania were to apply the law of that state under its choice of law rules, the result would be the same. Only a manufacturer or seller may be held liable. Bylsma v. R.C. Willey, 416 P.3d 595 (Utah 2017). Plaintiffs do not challenge defendants' reading of Utah law.

Plaintiff, Laurie Steiner Halperin, is a citizen of California. Like the law of Pennsylvania and Utah, California too limits liability to the manufacturer or seller of a product. Daly v. General Motors Corp., 575 P.2d 1162 (Cal. 1978). Again, plaintiffs do not argue that California law is to the contrary.

It is uncontroverted that Teva USA and Teva Branded were not in the chain of distribution as the manufacturer or seller of the plaintiffs' IUDs. None of the parties has called our attention to any law of Pennsylvania, California, or Utah that a non-manufacturer and non-seller of a product has a duty to a user of that product under any claim or under any of the circumstances alleged in the complaints in these cases. In sum, the claims against Teva USA and Teva Branded are wholly

insubstantial and frivolous and are not colorable.  We will dismiss these defendants as fraudulently joined.

The Cooper Companies, Inc. and CooperSurgical, Inc. are also named as defendants.  According to the complaints, The Cooper Companies, Inc. purchased the assets and global rights and business of ParaGard IUDS in November 2017.  CooperSurgical, Inc. is named as a subsidiary of The Cooper Companies, Inc.

The defendant CooperSurgical, Inc. is incorporated in Delaware and has its principal place of business in Connecticut.  Its citizenship is diverse from both plaintiffs who are citizens of Utah and California, respectively.  Thus, we have subject matter jurisdiction over this defendant and need not reach the issue of fraudulent joinder.  While CooperSurgical, Inc. may very well prevail on a motion for summary judgment, that issue must await another day.

The Cooper Companies, Inc., on the other hand, is incorporated in Delaware but has its principal place of business in California.  It has the same citizenship as plaintiff Halperin.  We find that the joinder of The Cooper Companies, Inc. was fraudulent in the action brought by Halperin since the allegations against it are again wholly insubstantial and frivolous.  Pursuant to the unchallenged declarations in the record, The Cooper Companies, Inc. is a holding company that never manufactured or sold IUDs.  While The Cooper Companies,

Inc. purchased the assets, global rights and business of ParaGard IUDs, it did not do so until November 1, 2017, long after the injuries of the plaintiffs took place.  Moreover, it is undisputed that it did not assume any of the liabilities of the sellers with respect to the plaintiffs' IUDs.  In the case brought by Reith, we have subject matter jurisdiction over The Cooper Companies, Inc. as Reith is a citizen of Utah.  The Cooper Companies, Inc. too may very well succeed on a motion for summary judgment against Reith but that issue is not now before us.

Accordingly, we will deny the plaintiffs' motions to remand these actions to the Court of Common Pleas of Philadelphia County.  The defendants Teva Pharmaceuticals USA, Inc. and Teva Branded Pharmaceutical Products R&D, Inc. will be dismissed from both actions as fraudulently joined.  Defendant The Cooper Companies, Inc. will be dismissed as fraudulently joined in Civil Action No. 18-3992 only.