```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICHOLLE BARCELO                  :      CIVIL ACTION
                                  :
            v.                    :
                                  :
TEVA PHARMACEUTICALS USA, INC.,   :
et al.                            :      NO. 18-3984
_____:_____
                                  :
AMY KRUZEL                        :      CIVIL ACTION
                                  :
            v.                    :
                                  :
TEVA PHARMACEUTICALS USA, INC.,   :
et al.                            :      NO. 18-3986
_____:_____
                                  :
KATHRYN REITH                     :      CIVIL ACTION
                                  :
            v.                    :
                                  :
TEVA PHARMACEUTICALS USA, INC.,   :
et al.                            :      NO. 18-3987
_____:_____
                                  :
NADIA SMIRNOVA                    :      CIVIL ACTION
                                  :
            v.                    :
                                  :
TEVA PHARMACEUTICALS USA, INC.,   :
et al.                            :      NO. 18-3988
_____:_____
                                  :
ASHLEY RILEY                      :      CIVIL ACTION
                                  :
            v.                    :
                                  :
TEVA PHARMACEUTICALS USA, INC.,   :
et al.                            :      NO. 18-3989
_____:_____
```

```
LAUREN WALLIS                         :    CIVIL ACTION
                                      :
            v.                        :
                                      :
TEVA PHARMACEUTICALS USA, INC.,       :
et al.                                :    NO. 18-3990
_____        :    _____
                                      :
LATIESHA TRAYLOR                      :    CIVIL ACTION
                                      :
            v.                        :
                                      :
TEVA PHARMACEUTICALS USA, INC.,       :
et al.                                :    NO. 18-3991
_____        :    _____
                                      :
LAURIE STEINER HALPERIN               :    CIVIL ACTION
                                      :
            v.                        :
                                      :
TEVA PHARMACEUTICALS USA, INC.,       :
et al.                                :    NO. 18-3992
_____        :    _____
                                      :
CHRISTI ROUTT                         :    CIVIL ACTION
                                      :
            v.                        :
                                      :
TEVA PHARMACEUTICALS USA, INC.,       :
et al.                                :    NO. 18-3996
_____        :    _____
                                      :
TAMMARA UPTON                         :    CIVIL ACTION
                                      :
            v.                        :
                                      :
TEVA PHARMACEUTICALS USA, INC.,       :
et al.                                :    NO. 18-4419
```

MEMORANDUM

Bartle, J.                                          November 18, 2019

The defendants have moved to transfer venue in these ten separate diversity actions under 28 U.S.C. § 1404(a) to the various districts where the plaintiffs are citizens and reside. The court permitted extensive discovery pertaining to the motion.

The allegations in each case are similar. The plaintiffs all allege that they suffered personal injuries from a defective intrauterine copper contraceptive device ("IUD") manufactured and sold by defendants. Upon removal of the plaintiff's IUD some years after it was implanted, a part broke off and remained embedded. Additional surgery was required.

Three of the plaintiffs are citizens of California, one of Idaho, one of Minnesota, one of New Jersey, one of Tennessee, one of Texas, and two of Utah. The IUDs in question were manufactured in Buffalo, New York. Each plaintiff's IUD was prescribed, sold, implanted and removed in the state where that plaintiff resides. None of the plaintiffs has or had any contact with Pennsylvania other than to have a Pennsylvania attorney file the lawsuits in the Court of Common Pleas of Philadelphia County from which they were removed.[1]

---

1. The defendants Teva Women's Health, Inc., CooperSurgical, Inc., and The Cooper Companies, Inc. have moved to transfer

While certain defendants also seek in the alternative to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, it is well-settled that the court may rule on a motion to transfer under § 1404(a) without first deciding whether it has personal jurisdiction over the defendants.  Goldlawr v. Heiman, 369 U.S. 463, 466 (1962); United States v. Berkowitz, 328 F.2d 358 (3d Cir. 1964).

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The moving party has the burden of proof that "all relevant things considered the case would be better off transferred to another district."  In re United States, 273 F.3d 380, 388 (3d Cir. 2001).

---

venue in the Barcelo, Kruzel, Reith, Routt, Smirnova, and Wallis cases.  Defendants Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Branded Pharmaceutical Products R&D, Inc. ("Teva Branded") were previously dismissed as fraudulent joined.  Only defendants Teva Women's Health, Inc. and CooperSurgical, Inc. have moved to transfer in the Halperin, Riley and Traylor cases, since defendants The Cooper Companies, Inc., Teva USA and Teva Branded were dismissed in these cases as fraudulently joined.  In Upton, all five defendants removed the action.  Plaintiff did not move to remand, and no issue of fraudulent joinder has been raised.

The Court of Appeals decision in Jumara v. State Farm Insurance Co., 55 F.3d 873 (3d Cir. 1995) governs the analysis of the pending motion. The Court has outlined a number of private and public factors which must be considered. The private factors include:

> [1] plaintiff's forum preference as manifested in the original choice, [2] the defendant's preference, ]3] whether the claims arose elsewhere, [4] the convenience of the parties as indicated by their relative physical and financial condition, [5] the convenience of the witnesses–but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and [6] the location of the books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

While the plaintiff's choice of forum should not be lightly disturbed, it is afforded less weight when the plaintiff selects a forum other than where she resides. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 236 (1981); In re Link A Media Devices Corp., 662 F.3d 1221, 1223 (Fed. Cir. 2011). As noted above, none of the plaintiffs resides in Pennsylvania and none of the significant events occurred here. On the contrary, plaintiffs' injuries took place in their home fora. Plaintiffs' choice to litigate in Pennsylvania deserves little weight. The defendants' preference, of course, is the home forum of each plaintiff where her claim arose.

The scales on the issue of the convenience of the parties tips heavily in favor of transfer.  It will clearly be less expensive for the individual plaintiffs to have their lawsuits litigated near their homes than to travel in some cases thousands of miles to Philadelphia.  There is no significant burden on defendants, large corporations, in moving the cases elsewhere.  In any event, they are the moving parties.

Likewise, the convenience of the witnesses strongly supports transfer.  The plaintiffs' physicians and other caregivers are all located in or near the transferee districts.  They would not be subject to subpoena for trial in this district.  The plaintiffs' medical records, which will be highly relevant, are also located where the plaintiffs and other relevant witnesses reside.  Any records in the possession of the defendants as well as their witnesses can easily be made available in those locations.  In sum, the private factors which we must take into account under Jumara all weigh heavily in favor of transfer.

There are also public factors under Jumara which we must take into account:

> [1]  the enforceability of the judgment,
> [2] practical considerations that could make
> the trial easy, expeditious, or inexpensive,
> [3] the relative administrative difficulty
> in the two fora resulting from court
> congestion, [4] the local interest in
> deciding local controversies at home,

>    [5] the public policies of the fora, and
>    [6] the familiarity of the trial judge with
>    the applicable state law in diversity cases.

Any judgment, of course, can be enforced regardless of which district is the trial forum.  It is more practical to have a trial in the transferee districts where the plaintiffs reside and their physicians are located.  It will be less expensive for plaintiffs and easier for them to have the trials there than in Pennsylvania.  There is no evidence that the congestion of any court is an issue.  The transferee districts have a strong interest in resolving claims of their own citizens who were injured there.  Finally, we recognize that Pennsylvania's choice of law rules will apply.  See Van Dusen v. Barrack, 367 U.S. 612 (1964).  Regardless of what substantive law will apply, there is no doubt that federal judges are fully capable of applying it.  The public factors favor transfer of venue.

There are numerous cases in this district involving allegedly defective products where the court has transferred the action to another district under similar or even less compelling circumstances.  See, e.g., Kershner v. Komatsu Ltd., 305 F. Supp. 3d 605, 610 (E.D. Pa. 2018); Kallman v. Aronchick, 981 F. Supp. 2d 372, 382 (E.D. Pa. 2013). In re Diet Drugs, Civil Action No. 12-20002, 2013 WL 3242717, at *3 (E.D. Pa. June 26, 2013).  We reiterate that the only real connection that these lawsuits have to this district is plaintiffs' choice of a lawyer

-7-

located here.  In accordance with <u>Jumara</u> and consistent with the precedents in this district, the motion of defendants to transfer venue in these ten actions under § 1404(a) will be granted "for the convenience of the parties and witnesses, in the interest of justice."